UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| MELVIN JONES,<br>　　Plaintiff,<br><br>CITY OF SPRINGFIELD<br>OFFICER JEFFREY M. ASHER<br>OFFICIALLY & INDIVIDUALLY,<br>OFFICER MICHAEL J. SEDERGREN<br>OFFICIALLY & INDIVIDUALLY,<br>OFFICER THEODORE TRUIOLO<br>OFFICIALLY & INDIVIDUALLY,<br>LIEUTENANT JOHN M. BOBIANSKI<br>OFFICIALLY & INDIVIDUALLY,<br>SERGEANT BRIAN MANLEY<br>OFFICIALLY & INDIVIDUALLY,<br>SERGEANT CHRISTOPHER HITAS<br>OFFICIALLY & INDIVIDUALLY,<br>POLICE COMMISSIONER WILLIAM<br>J. FITCHET, OFFICIALLY &<br>INDIVIDUALLY<br>　　Defendants. | COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

Now comes the Plaintiff, Melvin Jones, and does hereby bring the following Complaint in the above-referenced matter. Plaintiff hereby request a jury trial on this matter.

INTRODUCTION

1. This is an action brought pursuant to 42 U.S.C., § 1983, arising out of an incident of police brutality in which the plaintiff, Melvin Jones, was unjustifiably hit, pushed, kicked and beaten with a flashlight by Springfield Police Officer Jeffrey Asher, Michael J. Sedergren, Theodore Truiolo and Lieutenant John M. Bobinanski. While Officer Asher repeatedly struck

Melvin Jones in the head with a flashlight, Officer Michael J. Sedergren called Melvin Jones a "Nigger." During the booking process, Sergeant Brian Manley, the "Booking Officer" and Sergeant Christopher Hitas, the "Approving Officer" assisted Officer Asher, Sedergren, Truiolo and Bobinanski in engaging in a civil conspiracy in attempts to cover up the pervasive civil rights violation. The brutal beating resulted in his broken facial bones, fingers, teeth, nose and permanent blindness in one eye. Defendants, City of Springfield, Police Commissioner William Fitchet are jointly and severally liable for violating the plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and under the Constitution of the Commonwealth of Massachusetts, and for all injuries he sustained as a result of the constitutional violations. The acts of Officer Jeffrey Asher were so flagrant and widespread prior to the events with Melvin Jones the municipality had actual knowledge of his illegal practices and customs and chose with deliberate, reckless and callous indifference to stop Asher's illegal practices as to depriving others of their guarantee constitutional rights.

## JURISDICTION AND VENUE

2. Jurisdiction over this action rests in this Court pursuant to 28 U.S.C., § 1331 which gives this Court jurisdiction over all civil action arising under the Constitution, laws, or treaties of the United States.

3.     Venue in this Court is proper because the illegal acts complained of herein occurred in the City of Springfield, Hampden County, Massachusetts.

## PARTIES

4.     Plaintiff Melvin Jones is a resident of Springfield, Massachusetts. Plaintiff is a United States citizen.

5.     At all relevant times to this Complaint, Defendants Jeffrey Asher, Michael J. Sedergren, Theodore Truiolo, John M. Bobinanski, Brian Manley and Christopher Hitas were sworn members of the City of Springfield Police Department. Each of the foregoing defendants is being sued in his or her individual and official capacity. At all relevant times to this Complaint, Defendants Asher, Sedergren, Truoiolo, Bobinanski, Manley and Hitas were acting under color of state law.

6.     At all times relevant to this Complaint, William Fitchet was the Commissioner of the Springfield Police Department. In that position, he was responsible for ensuring that the officers on the police force were properly supervised and trained to interact with members of the public without violating their rights under the constitutions of the United States and the Commonwealth of Massachusetts, and for preventing and eliminating all policies and practices that encourage or allow police officers to violate the constitutional rights of members of the public with whom they interact. Defendant Fitchet is being sued in his individual and official capacity. At all times relevant to this complaint, Defendant Fitchet was acting under color of state law.

7.  Defendant City of Springfield is a municipal corporation located in Hampden County, Massachusetts. At all relevant times to this Complaint, the City of Springfield was the public employer of Defendant Fitchet and the police defendants. The City of Springfield is responsible for the proper functioning of the police department and for ensuring that all officers on the police department are properly supervised and trained to interact with members of the public without violating their rights under the constitution of the United States and the Commonwealth of Massachusetts. It is also responsible for preventing and eliminating all policies and practices that allow or encourage police officers to violate the constitutional rights of members of the public with whom they interact.

## FACTS

8.  On or about November 27, 2009 at approximately 20:15 pm, Defendants Bobinanski and Sedergren were in the area of Hancock Street and Orange Street when their attention became drawn to a black Honda Civic as a result of a noisy muffler.

9.  Defendant Bobinanski and Sedergren elected to stop the motor vehicle so they could speak to the operator "in regards to the dragging muffler."

10. The operator of the motor vehicle was Malika Barnett. The passenger in the motor vehicle was Plaintiff Melvin Jones.

11. At some point during the conversation with the passenger, Defendants Asher and Truiolo appeared at this so-called routine traffic stop.

12. Prior to the traffic stop, the Defendants had no information that any individual was armed, dangerous, had committed a crime or was about to commit a crime.

13. Defendants then ordered the occupants out of the motor vehicle under the pretext that they needed to be "pat –frisk" for officers' safety.

14. Defendant Truiolo and Sedergren then began a violent struggle with the Plaintiff which resulted in the Plaintiff's body being slammed into the hood of Springfield Police Department issued Ford Taurus (MA. Reg. #1967MX).

15. Under the guise of weapon searching, Defendant Sedergren and Truiolo ordered for an officer to strike the Plaintiff.

16. The plaintiff had no weapons on his person or in the motor vehicle.

17. Ms. Barnett, the driver of the motor vehicle, had no weapons on her person or in the motor vehicle.

18. Prior to ordering that the Plaintiff be struck, Defendants Sedergren and Truiolo were observed by onlookers kicking the Plaintiff in the groin area and in his back.

19. Defendant Asher then took a police department issued flashlight and began repeatedly striking Plaintiff Jones in the head, face and eye areas.

20. While Defendant Asher struck Plaintiff Jones with the police department issued flashlight, Defendant Sedergren called the Plaintiff a "Nigger."

21. After the initial beating with the flashlight, Officer Asher then struck Plaintiff Jones several more times in the head and face causing him to become unconscious.

22. While this occurred, Defendant Lieutenant Bobianski assisted and watched while Defendants Sedergren and Truiolo continued to violently push Plaintiff Jones into the hood of the Springfield Police Department's Ford Taurus (MA. Reg. #1967MX).

23. Because he was unconscious and profusely bleeding, the Defendants were forced to summons an ambulance to the scene where Plaintiff Jones laid near the hood of the Springfield Police Department's Ford Taurus.

24. The plaintiff was treated for broken facial bones, fingers and nose, lacerations, wounds, soft tissue injuries and for severe damage to his right eye at Baystate Medical Center.

25. Dr. Michael Ganey diagnosed the plaintiff with a blow-out fracture of the orbital floor, nondisplaced fracture of the nose and medical wall of the maxilla. Dr. John F. Nigriny conducted plastic surgery on the Plaintiff face in December 9, 2009. The plaintiff underwent additional plastic surgery on December 18, 2009 for displaced fractured shafts by Dr. Steven Wenner.

26. The plaintiff was further treated by Dr. Litscher, Baystate Medical Center Ophthalmologist. The plaintiff has permanent blindness in his right eye.

27. The plaintiff was arraigned and charged with several criminal offenses on November 27, 2009.

28. To date, five of the seven charges presented to a Hampden County Grand Jury were rejected, including Possession of marijuana with intent to distribute; Possession of Class E Substance with intent to distribute; Attempted Larceny of a firearm; Assault and Battery on Police Officer; and Malicious damage to a motor vehicle.

29. Defendant Asher has been charged with Assault and Battery with a Dangerous Weapon.

30. After the Plaintiff left the arrest scene in an ambulance, Defendant Sedergren, Asher, Bobianski and Truoiolo assisted Defendant Sedergren in filing a false police report distorting and lying about the events that transpired during the arrest of the Plaintiff.

31. Defendant Hitas and Manley also contributed to the filing of the false report by engaging in the booking process, issuing the initial charges and by approving the arrest, booking and reports of the other Defendants.

32. Unbeknownst to the Defendants, the acts alleged herein were videotaped by citizens watching the events.

33. The Defendants had already submitted the false police reports prior to the discovery of the videotaped events.

34. The Springfield Police Department's internal affairs conducted an investigation of these events which resulted in the termination of Defendant Asher.

35. The Federal Bureau of Investigation has an active investigation of this matter pending.

## COUNT I
## 42 U.S.C., § 1983

v. Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35 as if set forth fully herein.

37. By their actions set forth above, defendants Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley, knowingly, willfully, and intentionally deprived the plaintiff of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution while acting under color of law, in violation of 42 U.S.C., § 1983. Defendant Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley used excessive force during the arrest, arrested and charged the Plaintiff without probable cause with self-serving charges to aide the defendants in covering up the pervasive civil rights violations, verbally abused the Plaintiff with physical force; applied excessive force to the Plaintiff's body after he was no longer free to leave the routine motor vehicle stop and became a prisoner; denied him equal protection under the law by selectively treating him differently as compared to suspects of other national origin as Defendant Sedergren called the Plaintiff a "Nigger" referring to the pigment of the Plaintiff's skin while the other defendants continued to beat the Plaintiff; and by denying him due process under the law. Defendant Lieutenant Bobinski, Defendant Sergeant Hitas and Defendant Sergeant Manley, as supervisors, action and inactions,

were done deliberately, recklessly and with callous indifference to the constitutional rights of others.

38. As a result of the defendants' violations of 42 U.S.C., § 1983, plaintiff suffered harm.

39. WHEREFORE, plaintiff demands that this Court enter Judgment in his favor against defendants Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys' fees, and such other relief this Court deems just and proper.

## COUNT II
## CIVIL CONSPIRACY TO VIOLATE
## 42 U.S.C., § 1983

v. Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley

40. Plaintiff re-alleges and incorporates paragraphs 1 through 39 as if set forth fully herein.

41. By their actions set forth above, Defendants Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley knowingly, willfully, and intentionally deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution while acting under the color of law in violation of 42 U.S.C., § 1983. Defendants Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley conspired among themselves to violate the plaintiff's rights under the constitution of the United States and Massachusetts. In furtherance of the conspiracy and cover-up, the defendants filed false police reports; distorted facts, lied about the events that

transpired and created charges against the Plaintiff that would assist them in covering up the deprivation of constitutionally recognized rights afforded to every United State Citizen.

42. As a result of the defendants' violations of 42 U.S.C., § 1983, plaintiff suffered harm.

43. WHEREFORE, plaintiff demands that this Court enter Judgment in his favor against defendants Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys' fees, and such other relief this Court deems just and proper.

## COUNT III
## 42 U.S.C., § 1983
## v. Fitchet

44. Plaintiff re-alleges and incorporates paragraphs 1 through 43 as if set forth fully herein.

45. By his action, inaction, and deliberate indifference as set forth above, Fitchet knowingly, willfully, and intentionally allowed a policy and custom to exist which resulted in violations of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution, in violation of 42 U.S.C., § 1983.

46. As a result of Defendant Fitchet's violations of 42 U.S.C, § 1983, plaintiff suffered harm.

47. Defendant Fitchet had actual knowledge that Defendant Jeffrey Asher had at least seven prior citizens complaints filed against him.

48. Defendant Fitchet had actual knowledge that Defendant Jeffrey Asher had some form of disability which substantially interfered with his ability to perform the primary functions of his duties as a Springfield Police Officer.

49. Defendant Fitchet had actual knowledge that Defendant Jeffrey Asher was captured on video kicking, beating and using racial slurs.

50. Defendant Fitchet has actual knowledge that Defendant Asher had already been involved in a similar beating of a citizen on October 19, 2008 involving Raymond Bessette.

51. Prior to the Plaintiff's beating, Defendant Fitchet failed to discipline Defendant Asher.

52. Prior to the Plaintiff's beating, Defendant Fitchet failed to properly train Defendant Asher.

53. WHEREFORE, plaintiff demands that this Court enter Judgment in his favor against defendant Fitchet in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys' fees, and such other relief this Court deems just and proper.

COUNT IV
42 U.S.C., § 1983
v. City of Springfield

54. Plaintiff re-alleges and incorporates paragraphs 1 through 53 as if set forth fully herein.

55. By its action, inaction and deliberate indifference as set forth above, Springfield knowingly, willfully and intentionally allowed a policy and custom to exit which resulted in violations of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution, in violation of 42 U.S.C., § 1983.

56. As a result of Springfield's violation of 42 U.S.C., § 1983, plaintiff suffered harm.

57. WHEREFORE, plaintiff demands that this Court enter Judgment in his favor against defendant City of Springfield in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys' fees, and such other relief this Court deems just and proper

## COUNT V
## 42 U.S.C., § 1983
## v. City of Springfield

58. Plaintiff re-alleges and incorporates paragraphs 1 through 57 as if set forth fully herein.

59. By its failure of ensuring the proper functioning of the police department and failure to ensure that all officers of the police department are properly supervised and trained to interact with members of the public, and failure to discipline the police officer defendants and other officers based upon past conduct and past instances of violence towards the public, the City of Springfield's failure to do so, as a municipal corporation, resulted in violations of plaintiff's rights under the Fourth and Fourteenth Amendments

to the United States Constitution and under the Massachusetts Constitution, in violation of 42 U.S.C., § 1983.

60. As a result of Springfield's violation of 42 U.S.C., § 1983, plaintiff suffered harm.

61. The City of Springfield failed to order Fitchet to discipline Jeffrey Asher.

62. The City of Springfield failed to order Fitchet to train or supervise Defendant Asher, a police officer inflicts injuries to Springfield citizens.

63. WHEREFORE, plaintiff demands that this Court enter Judgment in his favor against defendant City of Springfield in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys' fees, and such other relief this Court deems just and proper.

## COUNT VI
## 42 U.S.C., § 1983
## v. Fitchet

64. Plaintiff re-alleges and incorporates paragraphs 1 through 63 as if set forth fully herein.

65. By his failure of ensuring the proper functioning of the police department and failure to ensure that all officers of the police department are properly trained to interact with members of the public, and failure to discipline the police officer defendants and other officers based upon past conduct and past instances of violence towards the public, Defendant Fitchet's failure to do so, individually and in his official capacity as Police Commissioner, resulted in violations of plaintiff's rights under the Fourth and Fourteenth Amendments

to the United States Constitution and under the Massachusetts Constitution, in violation of 42 U.S.C., § 1983.

66. As a result of Fitchet's violations of 42 U.S.C., § 1983, plaintiff suffered harm.

67. WHEREFORE, plaintiff demands that this Court enter Judgment in his favor against defendant Fitchet in an amount to be determined by this Court, including compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys' fees, and such other relief this Court deems just and proper.

## COUNT VII
## ASSAULT AND BATTERY
## v. Asher

68. Plaintiff re-alleges and incorporates paragraphs 1 through 67 as if set forth fully herein.

69. That the acts of Defendant Asher, described above constituted an assault upon Plaintiff, Melvin Jones, in that Defendant Asher, intentionally attempted to injury Plaintiff, Melvin Jones or commit a battery upon him and further that the act of the defendant, represented a grievous affront to Plaintiff, Melvin Jones.

70. Defendant Asher's acts constituted a battery upon the Plaintiff, Melvin Jones, in that the bodily contact described was intentional and grossly offensive in nature.

71. Defendant Asher has been captured on video beating and kicking suspects while on duty as a police officer.

72. Defendant Asher was captured on video in this event repeatedly striking the plaintiff in the head and face with a flashlight until he fell unconscious.

73. Defendant Asher has prior complaints of beating citizens while on duty.

74. The actions of Defendant Asher were intentional, reckless, and unwarranted, and without any just cause or provocation, and defendant Asher, knew, or should have known, that his actions were without the consent of the Plaintiff, Melvin Jones, and actions described were against his wishes.

75. As a result of the acts of Defendant Asher, plaintiff, Melvin Jones suffered and still suffers physical and mental pain; sustained emotional injuries resulting from defendant Asher's assault and battery; has suffered and will continue to suffer a loss of enjoyment of life; has suffered permanent eye loss and disability; suffered broken fingers and a nose; suffered broken facial bones; and will suffer significant diminution of earning potential as a result of the subject disability. The injuries sustained by Plaintiff, Melvin Jones, were caused wholly and solely by reason of conduct described, and Plaintiff, Melvin Jones, did not contribute thereto.

## COUNT VIII
## ASSAULT AND BATTERY
### v. Sedergren

76. Plaintiff re-alleges and incorporates paragraphs 1 through 75 as if set forth fully herein.

77. That the acts of Defendant Sedergren, described above constituted an assault upon Plaintiff, Melvin Jones, in that Defendant Sedergren, intentionally attempted to injury Plaintiff, Melvin Jones or commit a battery upon him and

further that the act of the defendant, represented a grievous affront to Plaintiff, Melvin Jones.

78. Defendant Sedergren's acts constituted a battery upon the Plaintiff, Melvin Jones, in that the bodily contact described was intentional and grossly offensive in nature.

79. Defendant Sedergren assaulted the Plaintiff while calling him a "nigger" as he beat him.

80. Defendant Sedergren's actions were caught on video tape in this case.

81. The actions of Defendant Sedergren were intentional, reckless, and unwarranted, and without any just cause or provocation, and defendant Sedergren, knew, or should have known, that his actions were without the consent of the Plaintiff, Melvin Jones, and actions described were against his wishes.

82. As a result of the acts of Defendant Sedergren, plaintiff, Melvin Jones suffered and still suffers physical and mental pain; sustained emotional injuries resulting from defendant Sedergren's assault and battery; has suffered and will continue to suffer a loss of enjoyment of life; has suffered permanent eye loss and disability; suffered broken fingers and a nose; suffered broken facial bones; and will suffer significant diminution of earning potential as a result of the subject disability. The injuries sustained by Plaintiff, Melvin Jones, were caused wholly and solely by reason of conduct described, and Plaintiff, Melvin Jones, did not contribute thereto.

## COUNT IX
## ASSAULT AND BATTERY
### v. Truiolo

83. Plaintiff re-alleges and incorporates paragraphs 1 through 82 as if set forth fully herein.

84. That the acts of Defendant Truiolo, described above constituted an assault upon Plaintiff, Melvin Jones, in that Defendant Truiolo, intentionally attempted to injury Plaintiff, Melvin Jones or commit a battery upon him and further that the act of the defendant, represented a grievous affront to Plaintiff, Melvin Jones.

85. Defendant Truiolo's acts constituted a battery upon the Plaintiff, Melvin Jones, in that the bodily contact described was intentional and grossly offensive in nature.

86. Defendant Truiolo's actions were caught on video tape in this case.

87. The actions of Defendant Truiolo were intentional, reckless, and unwarranted, and without any just cause or provocation, and defendant Truiolo, knew, or should have known, that his actions were without the consent of the Plaintiff, Melvin Jones, and actions described were against his wishes.

88. As a result of the acts of Defendant Truiolo, plaintiff, Melvin Jones suffered and still suffers physical and mental pain; sustained emotional injuries resulting from defendant Truiolo's assault and battery; has suffered and will continue to suffer a loss of enjoyment of life; has suffered permanent eye loss and disability; suffered broken fingers and a nose; suffered broken facial bones; and will suffer significant diminution of earning potential as a result of

the subject disability. The injuries sustained by Plaintiff, Melvin Jones, were caused wholly and solely by reason of conduct described, and Plaintiff, Melvin Jones, did not contribute thereto.

## COUNT X
## ASSAULT AND BATTERY
### v. Bobianski

89. Plaintiff re-alleges and incorporates paragraphs 1 through 88 as if set forth fully herein.

90. That the acts of Defendant Bobianski, described above constituted an assault upon Plaintiff, Melvin Jones, in that Defendant Bobianski, intentionally attempted to injury Plaintiff, Melvin Jones or commit a battery upon him and further that the act of the defendant, represented a grievous affront to Plaintiff, Melvin Jones.

91. Defendant Bobianski's acts constituted a battery upon the Plaintiff, Melvin Jones, in that the bodily contact described was intentional and grossly offensive in nature.

92. Defendant Bobianski's actions were caught on video tape in this case.

93. The actions of Defendant Bobianski were intentional, reckless, and unwarranted, and without any just cause or provocation, and defendant Bobianski, knew, or should have known, that his actions were without the consent of the Plaintiff, Melvin Jones, and actions described were against his wishes.

94. As a result of the acts of Defendant Bobianski, plaintiff, Melvin Jones suffered and still suffers physical and mental pain; sustained emotional injuries resulting from defendant Bobianski's assault and battery; has suffered and will continue to suffer a loss of enjoyment of life; has suffered permanent eye loss and disability; suffered broken fingers and a nose; suffered broken facial bones; and will suffer significant diminution of earning potential as a result of the subject disability. The injuries sustained by Plaintiff, Melvin Jones, were caused wholly and solely by reason of conduct described, and Plaintiff, Melvin Jones, did not contribute thereto.

## COUNT XI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
v. Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley

95. Plaintiff re-alleges and incorporates paragraphs 1 through 94 as if set forth fully herein.

96. Defendants Asher, Sedergren, Bobianski, Truiolo, Hitas and Manley both individually and collectively engaged in acts which represented extreme and outrageous conduct which intentionally or recklessly caused severe emotional distress to Plaintiff, Melvin Jones. Further, the conduct described was so outrageous and atrocious as to be utterly intolerable in a civilized community.

97. As a result of the defendants' intentional infliction of emotional distress upon the plaintiff, Melvin Jones, Mr. Jones has sustained severe emotional distress, pain and suffering and loss of enjoyment of life.

WHEREFORE, the plaintiff request this Honorable Court enter judgment against the Defendants jointly and severally on all counts of this complaint and:

1. Award compensatory damages with interest thereon;

2. Award punitive damages;

3. Award interest and cost of this action to plaintiff;

4. Award attorney fees to plaintiff;

5. Award such other relief which this Court deems just and equitable.

FOR THE PLAINTIFF
MELVIN JONES
By his attorney,

/s/ Shawn P. Allyn

Dated:

Shawn P. Allyn
Allyn & Ball, P.C.
98 Lower Westfield Road
Holyoke, MA 01040
Tel: 413 538-7118
Fax: 413 538-6199
email: sallyn@allynandball.com