UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MELVIN JONES,
          Plaintiff

      v.                    Civil Action No. 10-30244-MAP

JEFFREY M. ASHER, MICHAEL
J. SEDERGREN, THEODORE
TRUIOLO, JOHN M. BOBIANSKI,
BRIAN MANLEY, CHRISTOPHER
HITAS, WILLIAM J. FITCHET, and
CITY OF SPRINGFIELD,
          Defendants

REPORT AND RECOMMENDATION WITH REGARD TO
A MOTION TO DISMISS (Document No. 33)
March 31, 2011

NEIMAN, U.S.M.J.

      This is an action brought pursuant to 42 U.S.C. § 1983 arising out of an incident of alleged police brutality in which Melvin Jones ("Plaintiff") claims that several police officers beat him and filed false charges against him on account of his race. Arguing that Plaintiff's complaint fails to state claims upon which relief may be granted, two of the defendants, Sergeants Christopher Hitas ("Hitas") and Brian Manley ("Manley"), have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] Hitas and Manley's motion has been referred to this court for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court will recommend that the motion be

---

[1] Plaintiff's complaint also names as defendants Officers Jeffrey Asher, Michael Sedergren, Theodore Truiolo, Lieutenant John Bobianski, Commissioner William Fitchet, and the City of Springfield.

allowed.

## I. STANDARDS OF REVIEW

When faced with a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992). Moreover, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Sepulveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 28 (1st Cir. 2010). Recently, the Supreme Court made clear that, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## II. BACKGROUND

For present purposes, the following background comes directly from Plaintiff's complaint (cited as "Compl."). The facts and all reasonable inferences are stated in a light most favorable to Plaintiff, the party opposing dismissal. *Young v. Lepone*, 305 F.3d 1, 8 (1st Cir. 2002).

In November 2009, Plaintiff was a passenger in a motor vehicle driven by Malika Barnett. The vehicle was stopped by Lieutenant John Bobianski and Officer Michael

Sedergren when they noticed a dragging muffler. At some point during the traffic stop, Bobianski and Sedergren were joined by Officers Jeffrey Asher and Theodore Truiolo. The officers allegedly ordered Plaintiff to exit the vehicle because they wanted to conduct a "pat-frisk" of Plaintiff for their safety. After Plaintiff exited the vehicle, Officers Truiolo and Sedergren allegedly slammed Plaintiff into the hood of a police car, while Officer Asher repeatedly struck Plaintiff with a police department issued flashlight and Lieutenant Bobianski watched and assisted. In addition, Officer Sedergren allegedly called Plaintiff a racial slur. Compl. ¶¶ 8-20.

During the beating, Plaintiff allegedly fell unconscious, prompting the officers to summon an ambulance, which transported him to the Baystate Medical Center for treatment of his injuries. *Id.* ¶ 24. Following the assault, Plaintiff alleges, Officer Sedergren filed a false police report, prepared with assistance from Lieutenant Bobianski and Officers Asher and Truiolo, that distorted facts and lied about the events that transpired during his arrest. *Id.* ¶ 30. Plaintiff further alleges that Hitas and Manley, the defendants bringing the present matter, contributed to the filing of this false police report by approving the arrest, booking, and reports of the other police officers. *Id.* ¶ 31. As of the filing of the instant complaint, Plaintiff alleges, five of the seven charges presented to a Hampden County Grand Jury were rejected and Officer Asher himself has been charged with Assault and Battery with a Dangerous Weapon. *Id.* ¶¶ 28-29.

III. DISCUSSION

Plaintiff's complaint contains eleven counts, three of which name Hitas and Manley and are relevant to the present motion. In the "Facts" section of Plaintiff's

3

complaint, he alleges that these two defendants "contributed to the filing of the false [police] report by engaging in the booking process, issuing the initial charges and by approving the arrest, booking and reports of the other [d]efendants." *Id.* ¶ 31. Count I alleges that Hitas and Manley, among other defendants, violated section 1983 when they "knowingly, willfully, and intentionally deprived the plaintiff of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution while acting under color of law" and that, "as supervisors," their "action and inactions, were done deliberately, recklessly and with callous indifference to the constitutional rights of others." *Id.* ¶ 37. Count II alleges that Hitas and Manley, among other defendants, in "furtherance of the conspiracy [to violate section 1983] and cover-up [such violation] . . . filed false police reports, distorted facts, lied about the events that transpired and created charges against the Plaintiff." *Id.* ¶ 41. Count XI alleges that Hitas and Manley, again among other defendants, "engaged in acts which represented extreme and outrageous conduct which intentionally or recklessly caused severe emotional distress to Plaintiff." *Id.* ¶ 96. Because each of these counts attempts to hold Hitas and Manley liable under a different legal theory, the court addresses them in turn.[2]

    A.  Count I: Section 1983 Violation

Plaintiff seeks to hold Hitas and Manley liable in their capacities as supervisors. "[S]upervisory liability cannot be predicated on a *respondeat superior* theory.

---

[2] The court notes that, given differences in the allegations and counts in the complaint concerning other defendants, it makes no determination as to the sufficiency of Plaintiff's pleadings regarding those defendants.

Supervisors may only be held liable under § 1983 on the basis of their own acts or omissions." *Whitfield v. Melendez-Rivera*, 431 F.3d 1, 14 (1st Cir. 2005) (internal citation omitted). Accordingly, as the First Circuit has explained,

> [i]n the context of Section 1983 actions, supervisory liability typically arises in one of two ways: either the supervisor may be a "primary violator or direct participant in the rights-violating incident," or liability may attach "if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation."

*Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (quoting *Camilo-Robles v. Zapata*, 175 F.3d 41, 44 (1st Cir. 1999)). "In either case, the plaintiff in a Section 1983 action must show 'an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit authorization,' between the actor and the underlying violation." *Id.* (quoting *Camilo-Robles*, 175 F.3d at 44).

In his complaint, Plaintiff asserts that Defendants "knowingly, willfully, and intentionally deprived [him] of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the Massachusetts Constitution while acting under the color of law in violation of 42 U.S.C. § 1983." Compl. ¶ 37. Although the Supreme Court has noted that such an assertion constitutes a factual claim about a defendant's state of mind, it concluded that such a bare allegation of intent was inadequate to state a claim absent more specific factual assertions. *See Iqbal*, 129 S. Ct. at 1951 (rejecting the "bare assertion" that defendants "knew of, condoned, and willfully and maliciously agreed to subject [plaintiff] to harsh conditions . . . solely on account of [his] religion, race, and/or national origin" because of its conclusory nature).

5

The only specific factual allegation against Hitas and Manley in Count I is that, "as supervisors," they engaged in "action and inactions, [which] were done deliberately recklessly and with callous indifference to the constitutional rights of others."[3] Compl. ¶ 37. This bare allegation, in the court's view, is insufficient to save the claim. The complaint does not point to any specific action or inaction undertaken by Hitas or Manley or articulate any facts that might establish an "affirmative link" between such conduct and the particular constitutional violations alleged. Thus, Plaintiff's naked assertion that Hitas and Manley acted "with callous indifference to the constitutional rights of others" appears "precisely the type of 'the-defendant-unlawfully-harmed-me' allegation that the Supreme Court has determined should not be given credence when standing alone." *Sanchez*, 590 F.3d at 49 *(quoting Iqbal*, 129 S. Ct. at 1949).

To be sure, in his opposition to the motion to dismiss Plaintiff attempts to remedy the lack of specific facts in his complaint by alleging that Hitas and Manley authorized several charges ultimately found by a grand jury to lack probable cause, and that, following the release of video documenting the assault, they failed to "supplement or correct the police reports of their subordinates [ ] which they approved." Pl. Opp. at 6-7. As noted, however, Plaintiff does not allege that Hitas and Manley participated in any

---

[3] Although Count I of the complaint contains several additional factual allegations that appear to accuse Hitas and Manley along with several other defendants of participating in the alleged assault on Plaintiff, *see* Compl. ¶ 37, the inclusion of Hitas and Manley appears to have been in error. Plaintiff does not allege in the facts of his complaint, and does not argue in his Opposition to the Motion to Dismiss, that Hitas and Manley directly participated in any relevant conduct other than the approval of the booking and charges presented against him. *Id.* ¶¶ 8-35; Pl. Opp. at 6-8. Indeed, in his opposition to the motion to dismiss, Plaintiff argues only that Hitas and Manley are liable for Count I under a theory of supervisory liability. *See* Pl. Opp. at 6-8.

way in the alleged assault or that the alleged assault occurred because of any deficiency on the part of their supervision. Still, Plaintiff argues that the mere fact that five of the seven charges presented to a grand jury were rejected supports his allegation that Hitas and Manley acted with "willful blindness" regarding their subordinates' constitutional violations. *Id.*

Plaintiff's argument is unpersuasive. Plaintiff offers no support for the argument that authorizing charges that are later rejected by a grand jury, by itself, comprises a constitutional violation. Nor does Plaintiff offer any facts that establish an "affirmative link" between Hitas and Manley's conduct and the constitutional violation allegedly caused by their subordinates. In short, Plaintiff has failed to "nudg[e] his claim across the line from conceivable to plausible," *see Iqbal*, 93 S. Ct. at 1952 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and Count I against Hitas and Manley should be dismissed. *See Sanchez*, 590 F.3d at 49.[4]

B. Count II: Civil Conspiracy to Violate Section 1983

A civil rights conspiracy requires "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another, and an overt act that results in damages." *Earle v. Benoit*, 850 F.2d 836, 844 (1st Cir. 1988) (internal citation omitted). As the First Circuit explained, "for a conspiracy to be actionable under section 1983 the plaintiff has to

---

[4] Because the court believes that Plaintiff fails to state a claim for relief as to Hitas and Manley under section 1983, the court does not reach their additional arguments regarding other aspects of Plaintiff's section 1983 claims.

prove that there [has] been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." *Id.* (internal citation omitted).

In his complaint, Plaintiff alleges that Hitas and Manley, in "furtherance of the conspiracy and cover-up . . . filed false police reports, distorted facts, lied about the events that transpired and created charges against the Plaintiff that would assist them in covering up the deprivation of constitutionally recognized rights." Compl. ¶ 41. Although these allegations arguably come somewhat closer to crossing the line between conclusory and factual than those contained in Count I, the court believes that they nevertheless fall significantly short of stating a claim against Hitas and Manley. *See Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and factual."). Not only is the complaint deficient in this regard, but Plaintiff's opposition to the motion to dismiss further suggests that Hitas and Manley were included in Count II only as an afterthought, as his discussion is devoted almost entirely to actions taken by other defendants in this case. *See* Pl. Opp. at 8-10. Plaintiff includes no specific information regarding Hitas and Manley's role in the alleged conspiracy beyond asserting that they served as supervisors at the time the police reports were prepared and subsequently approved five charges that were later rejected by a grand jury as lacking probable cause. *Id.* at 9-10. However, given Plaintiff's failure to allege any facts which can reasonably be interpreted as an agreement between Hitas and Manley and their inferiors to inflict a wrong on Plaintiff, Plaintiff's conclusory assertion that Hitas and Manley "only approved the charges in furtherance of the conspiracy as the charges

8

lacked any merit," *id.* at 10, is insufficient to survive the instant motion to dismiss. *See Iqbal*, 129 S. Ct. at 1951; *Earle*, 850 F.3d at 844.

    C. Count XI: Intentional Infliction of Emotional Distress

In order to establish that Hitas and Manley are liable for the tort of intentional infliction of emotional distress, Plaintiff must prove that: (1) they intended to cause, or should have know that their conduct would cause emotional distress; (2) their conduct was extreme and outrageous; (3) their actions caused Plaintiff distress; and (4) Plaintiff suffered emotional distress. *See Fredette v. Allied Van Lines*, 66 F.3d 369, 374 (1st Cir. 1995).

The only allegation in Plaintiff's complaint as to Hitas and Manley's conduct specific to the claim of intentional infliction of emotional distress is that they "individually and collectively engaged in acts which represented extreme and outrageous conduct which intentionally or recklessly caused severe emotional distress to Plaintiff." Compl. ¶ 96. This is the paradigmatic threadbare recital of elements of a cause of action that the Supreme Court has found is "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1949.

Compounding this inadequacy, Plaintiff, in his opposition to the motion to dismiss, merely reiterates his claim that Defendants "knowingly" approved false police reports in an attempt "to cover up" their subordinates' illegal activity. Pl. Opp. at 11. As noted, such assertions of intent are inadequate to state a claim absent more specific factual assertions. *See Iqbal*, 129 S. Ct. at 1951. Moreover, Plaintiff's sole support for this claim -- that a grand jury ultimately rejected five of the seven claims for lack of probable cause -- is insufficient to demonstrate that Hitas and Manley either intended to

9

inflict emotional distress or should have known that emotional distress was likely. *See Penalbert*, 631 F.3d at 594 (noting that allegations in a complaint must be "beyond raw speculation" to survive a motion to dismiss). *See Fredette*, 66 F.3d at 374. Therefore, in the court's opinion, Count XI of Plaintiff's complaint against Hitas and Manley should be dismissed.

IV. CONCLUSION

For the reasons stated, the court recommends that Hitas and Manley's motion to dismiss be ALLOWED.[5]

DATED: March 31, 2011

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
Chief Magistrate Judge

---

[5] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.